```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:08-cr-56-FtM-99SPC

SHERI REDEKER BARRY
WARREN THOMAS BARRY

_____

**OPINION AND ORDER**

     This matter comes before the Court on defendants' Motion to Dismiss Indictment (Doc. #89) filed on December 29, 2008. For a variety of reasons, defendants seek to dismiss each count of the Indictment. The United States filed a Response (Doc. #90) on January 7, 2009.

**I.**

On April 23, 2008, an Indictment (Doc. #3) returned by a grand jury sitting in Fort Myers, Florida was filed against defendants Sheri Redeker Barry and Warren Thomas Barry. Count One charges that from in or about 2001 through the date of the Indictment, in Lee County in the Middle District of Florida and elsewhere, both defendants conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue, to wit income taxes, in violation of 18 U.S.C. § 371. Count Two charges that on or about May 6, 2003, in the Middle District of Florida, defendant

Warren Thomas Barry did pass, utter, present, offer, broker, issue, sell or attempt or cause the same, or with like intent possess, a false or fictitious instrument or other item appearing, representing, purporting or contriving through scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States, i.e., a $1 million "Registered Bill of Exchange" dated April 15, 2003, presented by defendant to satisfy the outstanding tax liabilities against him, in violation of 18 U.S.C. §§ 514, 513(c), and 2.  Count Three charges that on or about May 6, 2003, in the Middle District of Florida, defendant Sheri Redeker Barry did pass, utter, present, offer, broker, issue, sell or attempt or cause the same, or with like intent possess, a false or fictitious instrument or other item appearing, representing, purporting or contriving through scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States, i.e., a $1 million "Registered Bill of Exchange" dated May 28, 2003, presented by defendant to satisfy the outstanding tax liabilities against her, in violation of 18 U.S.C. §§ 514, 513(c), and 2.  Counts Four Through Seven allege that during calendar years 2002 (Count 4), 2003 (Count 5), 2004 (Count 6) and 2005 (Count 7), in the Middle District of Florida and elsewhere, defendant Sheri Redeker Barry had and received gross income substantially in excess of the minimum filing amounts established by law, that defendant was required by law to make an income tax return to an authorized representative of the

Internal Revenue Service or any other proper officer of the United States stating specifically the items of his gross income and any deductions and credits to which he was entitled, but did willfully fail to make an income tax return to any such representative or other proper officer of the United States, in violation of 26 U.S.C. § 7203. Counts Eight through Ten allege that during calendar years 2003 (Count 8), 2004 (Count 9) and 2005 (Count 10), in the Middle District of Florida and elsewhere, defendant Warren Thomas Barry had and received gross income substantially in excess of the minimum filing amounts established by law, that defendant was required by law to make an income tax return to an authorized representative of the Internal Revenue Service or any other proper officer of the United States stating specifically the items of his gross income and any deductions and credits to which he was entitled, but did willfully fail to make an income tax return to any such representative or other proper officer of the United States, in violation of 26 U.S.C. § 7203.

**II.**

The general principles governing the sufficiency of an indictment are well-settled. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). The Federal Rules were designed to eliminate technicalities in criminal pleadings and are construed to secure simplicity in procedure, therefore "[w]hile detailed allegations might well have

been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1), . . . ." United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007). Thus, "when analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations." United States v. Gold, 743 F.2d 800, 813 (11th Cir. 1984) (internal quotations omitted)).

The sufficiency of an indictment is determined from its face. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006)(citation omitted). The sufficiency of an indictment is assessed by taking the allegations contained in the indictment to be true and then determining whether a criminal offense has been stated. See United States v. Plummer, 221 F.3d 1298, 1302 (11th Cir. 2000). An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. United States v. Walker, 490 F.3d 1282, 1296 (11th Cir. 2007); United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999). It is generally sufficient that an indictment set forth the offense in the words of the statute itself. Hamling v. United States, 418 U.S. 87, 117 (1974). An indictment which tracks the language of the statute will nonetheless be defective if it fails to apprise the defendant with reasonable certainty of the nature of

the accusation. Sharpe, 438 F.3d at 1263. Additionally, an indictment which tracks the language of the statute must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense with which he or she is charged. Hamling, 418 U.S. at 117; Sharpe, 438 F.3d at 1263. "When the indictment uses generic terms, it must state the offense with particularity." United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003).

**A. Count One:**

Defendants argue that Count One, charging what is commonly referred to as a "Klein[1] conspiracy" under 18 U.S.C. § 371, is insufficiently plead. Defendants argue that certain language in Count One appears to charge a conspiracy to defraud, while the "Manner and Means" portion of Count One alleges conduct which constitute substantive offenses set forth in other counts, thereby appearing to allege a conspiracy to violate specific federal offenses rather than a conspiracy to defraud. Additionally, defendants argue that overt acts are alleged to have been taken by Stephen Redeker and Lauren Redeker, who are not named as co-conspirators, are not alleged to have committed the acts to further the conspiracy, and are not alleged to have had the requisite intent.

---

[1]United States v. Klein, 247 F.2d 908 (2d Cir. 1957).

A conspiracy under § 371 can properly allege an agreement to defraud the United States, or to commit specific federal offenses, or both. The Indictment in this case, however, has clearly alleged a conspiracy with only one objective - "to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions as the Internal Revenue Service . . . ." (Doc. #3, Count One, ¶8.) This charges a <u>Klein</u> conspiracy: "A Section 371 conspiracy where the victim is the IRS and the objective is to defeat its lawful functioning is known as a <u>Klein</u> conspiracy." <u>United States v. Adkinson</u>, 158 F.3d 1147, 1154 (11th Cir. 1998). Neither the "Manner and Means" nor "Overt Acts" provisions of Count One expand the scope of the charged conspiracy or render the count deficiently pled.

Naming third parties in the Overt Acts section of Count One is not improper. It is not necessary for the Indictment to allege that Stephen and Lauren Redecker were co-conspirators, or committed the acts to further the conspiracy, or had criminal intent. A conspiracy can be accomplished by the use of innocent third parties. <u>Tanner v. United States</u>, 483 U.S. 107, 129 (1987).

Accordingly, the Court finds that the motion is due to be denied as to Count One.

**B. Counts Two and Three:**

Defendants argue that Counts Two and Three, alleging a violation of 18 U.S.C. §§ 514, 513(c) and 2, are defective because each fails to allege an element of the offense, i.e., that the

conduct was committed with the intent to defraud. Additionally, defendants argue that the counts fail to specify the pertinent means by which the instruments were "presented" and fails to allege anything about the person to whom the instrument was given. Finally, defendants argue that a bill of exchange is a valid type of negotiable instrument and therefore cannot fall within the purview of § 514.

It is clear that the statute defining the offense, 18 U.S.C. § 514, requires that the conduct be committed with the intent to defraud. See 18 U.S.C. § 514(a) ("Whoever, with the intent to defraud - - . . .") It is also clear that neither Count Two nor Count Three allege an intent do defraud, and do not incorporate allegations from Count One from which such an intent might be inferred. These two counts do not allege any particular *mens rea*. The Court concludes that the failure to allege an intent to defraud renders Counts Two and Three fatally defective since an essential element of the offense has been omitted. See, e.g., United States v. Musgrave, 444 F.2d 755, 760-61 (5th Cir. 1971)[2]. Therefore, the motion will be granted as to Counts Two and Three to the extent that these counts will be dismissed without prejudice.[3]

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3]The Court need not address other issues raised as to these counts.

**C. Counts Four Through Ten:**

Defendants argue that Counts Four through Ten of the Indictment must be dismissed because they fail to set forth all the elements of the crimes, fail to show that the Grand Jury actually charged those elements, and fail to adequately describe the alleged crimes. Specifically, defendants allege two defects: First, the counts are ambiguous as to the law that requires defendants to file a tax return; and second, that the counts only use the generic term "willful."

Counts Four through Ten charge defendants with willful failure to file income tax returns, in violation of 26 U.S.C. § 7203. One of the elements of the offense is that each defendant was required by law to file a tax return. "Any person . . . required by this title or by regulations made under authority thereof to make a return, . . . who willfully fails to . . . make such return . . . at the time or times required by law or regulations, shall . . . be guilty of a misdemeanor . . ." 26 U.S.C. § 7203. Defendant argues that the counts are defective because they fail to allege what law required them to file a return.

Each of these counts of the Indictment alleges that each defendant "was required by law" to make an income tax return and failed to do so, but cites no specific law setting forth such a obligation. The Court earlier granted defendants' motion for a bill of particulars requiring the government to identify that

"law," which the government has now done by providing copies of the charging statutes and certain provisions in Title 26. Since the only specific law referenced in these counts of the Indictment was 26 U.S.C. § 7203, defendants argue that the counts remain deficient.

An indictment is not required to cite the law under which a defendant is required to make a tax return in order for a § 7203 count to properly state an offense. As United States v. Kahl, 583 F.2d 1351 (5th Cir. 1978) stated:

> Kahl asserts that the information fails to charge a crime because it relies on 26 U.S.C. s 7203, which prescribes penalties for failure to file an income tax return, but does not mention 26 U.S.C. s 6012, which requires that a return be filed. An information is sufficient to charge a crime if it states the elements of the offense charged, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction to bar subsequent prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620 (1974). In this case, the requirements of Hamling were clearly satisfied. The information specifically alleged that the earnings of the accused were sufficient to require him to file a return and that he failed to do so. Thus, the information stated all the elements of the offense and was sufficient to notify the defendant of the offense with which he was charged. No citation to s 6012 was necessary.

Kahl, 583 F.2d at 1355; see also United States v. Jackson, No. 08-10651, 2008 WL 4150006 (11th Cir. Sept. 10, 2008); United States v. Hovind, No. 07-10090 and No. 07-10502, 2008 WL 5411563 (11th Cir. Dec. 30, 2008). Therefore, defendants' argument is without merit.

The conduct charged in Counts Four through Ten must be willful, and each count charges that defendants "willfully" failed

-9-

to make a tax return.  The use of this generic term, defendants argue, is insufficient, particularly in a tax case where willful has a specific meaning.  <u>Cheek v. United States</u>, 498 U.S. 192, 199-200 (1991).  Defendants argue that the government must prove they each had a duty, knew of this duty, and voluntarily and intentionally violated this duty, <u>Cheek</u>, 498 U.S. at 201, and that all three components of willfulness must be pled in the counts. Because they are not, defendants assert that the counts are defective.

While <u>Cheek</u> held that there are three components of willfulness in a criminal tax case, it discussed the sufficiency of the evidence, not the sufficiency of an indictment.  An indictment need not allege more than "willful," even though this requires the government to prove all three components.  <u>Hovind</u>, 2008 WL 5411563 at *3; <u>United States v. Montgomery</u>, 292 Fed. Appx. 845 (11th Cir. 2008).  Therefore, defendants' argument is without merit.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss Indictment (Doc. #89) is **GRANTED** as to Counts Two and Three, which are dismissed without prejudice, and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of January, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Warren Thomas Barry