UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:08-cr-56-FtM-29SPC

SHERI REDEKER BARRY
WARREN THOMAS BARRY

_____

**OPINION AND ORDER**

On February 18, 2009, United States Magistrate Judge Sheri
Polster Chappell submitted a Report and Recommendation (Doc. #114)
to the Court recommending that defendants' Motion to Suppress
Evidence Obtained Through Administrative Summons (Docs. #91, 96) be
denied.   Defendant Sheri Redeker Barry filed an Objection to
Magistrate [Judge]'s Report & Recommendation Re: Suppression of
Evidence (Doc. #120), and defendant Warren Thomas Barry joined in
the Objection (Doc. #121.)  As in the Report and Recommendation,
the Court will refer to defendant Sheri Redeker Barry as Redeker,
defendant Warren Thomas Barry as Barry, and defendants collectively
as the defendants.

I.

After conducting a careful and complete review of the findings
and recommendations, a district judge may accept, reject or modify
the magistrate judge's report and recommendation.   28 U.S.C. §
636(b()1);  <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir.

1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

Defendants are charged with conspiracy to defraud the United States and willful failure to file income tax returns. Both defendants sought to suppress all evidence obtained by the Internal Revenue Service (IRS) through its use of administrative third-party contacts and third-party summonses. The Report and Recommendation found no violations, and recommends that both motions be denied. Both defendants raise various objections to the Report and Recommendation, discussed below.

### A.

Defendants initially object that the Report and Recommendation ignored the time frame within which the IRS did certain things, ignored what the IRS personnel were actually looking for, and only

superficially reviewed the evidence (Doc. #120, p. 1.)  A fair reading of the Report and Recommendation establishes that it suffers from none of these deficiencies.  Rather, it fully discussed material dates and events, and analyzed the material testimony and evidence, placing much of it in chronological order while summarizing the testimony of the three witnesses.  (Doc. #114, pp. 3-10.) The Court overrules this objection.

**B.**

Defendants argue that the summons procedure is the only way the IRS can properly initiate third-party contact. (Doc. #120, pp. 7-8.)  The Court disagrees.  While the IRS, like any government agency or law enforcement agency, is constrained by the U.S. Constitution and applicable statutes, its power to investigate has been described as "broad" and "expansive."  La Mura v. United States, 765 F.2d 974, 979 (11th Cir. 1985), citing United States v. Arthur Young & Co., 465 U.S. 805 (1984); United States v. Bisceglia, 420 U.S. 141 (1975).  Thus, "restrictions upon it should be avoided absent unambiguous direction from Congress." United States v. Bichara, 826 F.2d 1037, 1039 (11th Cir. 1987). Nothing in the statutes suggest the need for specific statutory authorization for all acts or contact with third-parties.  The statutes authorize third-party contacts without a formal summons, and therefore the Court rejects defendants' argument to the contrary.

## C.

Defendants argue that third-party contacts were made to obtain information for improper purposes. (Doc. #120, p. 7.) The Court disagrees. The IRS has broad authority to issue summonses, 26 U.S.C. §§ 7602(a), (b), and the conduct in this case fell well within the authorized purposes. This objection is overruled.

Defendants next argue that the IRS contacted third-parties without providing the notice required by 26 U.S.C. § 7602(c), and that the lack of such notice for third-party summonses was not justified by the collection exception of § 7609(c)(2)(D)(i). (Doc. #120, pp. 7-9.) After review of the transcript of the evidentiary hearing, as well as the documents submitted by defendants in the Objection, the Court agrees with and adopts the findings and conclusions of the Report and Recommendation finding no violations.

Even if the government violated the statutes regarding notice of third-party contacts/summonses, the Court finds that suppression is not an appropriate remedy. The exclusionary rule is appropriate for a statutory violation only where the statute specifically provides for suppression as a remedy or the statutory violation implicates underlying constitutional rights. Smith v. Maryland, 442 U.S. 735 (1979)(statutory violation regarding pen register did not warrant suppression of evidence); Sanchez-Llamas v. Oregon, 548 U.S. 331, 348 (2006)(the "few cases" in which evidence suppressed for statutory violations arose directly out of statutory violations

that implicated important Fourth and Fifth Amendment interests);
United States v. Thompson, 936 F.2d 1249, 1251-52 (11th Cir.
1991)(suppression not appropriate unless Congress has provided such
a remedy, either specifically or by inference); see also United
States v. Kontny, 238 F.3d 815, 818 (7th Cir. 2001); United States
v. Abdi, 463 F.3d 547 (6th Cir. 2006); United States v. Young, 533
F.3d 453, 461 (6th Cir. 2008).

### D.

The Motions to Suppress argue that a taxpayer may challenge an
IRS summons on the ground that the materials sought by the IRS are
solely for use as evidence in a criminal prosecution.  The motion
asserts that a summons may be lawfully used for a criminal
investigation only when it is also used for a legitimate civil
purpose.  A summons must be quashed, the motion asserts, when the
IRS issued the summons in bad faith to assist its criminal
prosecution, or when it was the institutional posture of the IRS to
criminally prosecute the individual under investigation but it
desired to withhold referral to the Justice Department to allow for
the gathering of additional evidence needed for a successful
criminal prosecution.  Defendants rely upon Reisman v. Caplin, 375
U.S. 440, 445, 449 (1964); Donaldson v. United States, 400 U.S.
517, 530 (1971); and United States v. LaSalle Nat'l Bank, 437 U.S.
298, 317 (1978).  The motion overlooks, however, statutory changes
made over twenty-five years ago.

The Tax Equity and Fiscal Responsibility Act of 1982 amended 26 U.S.C. § 7602 by adding two new provisions. The first amendment addressed the purposes for which a summons may be issued:

> Purpose May Include Inquiry Into Offense. The purposes for which the Secretary may [issue a summons] include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

Pub. L. No. 97-248, § 333, 96 Stat. 324 (codified at 26 U.S.C. § 7602(b)). The second amendment imposed a limitation on the summons power:

> Limitation of Authority. No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

Pub. L. No. 97-248, § 333 (codified at 26 U.S.C. § 7602(c)). These amendments clarify that the IRS may issue summonses "solely for a criminal tax purpose as long as the IRS has not referred the tax case to the Department of Justice for criminal prosecution." United States v. Centennial Builders, Inc., 747 F.2d 678, 681 (11th Cir. 1984); see also La Mura, 765 F.2d at 980 n.9; United States v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008); United States v. Norwood, 420 F.3d 888, 893-94 (8th Cir. 2005).

The Report and Recommendation correctly found that the criminal referral to the Department of Justice was made in December, 2005, and that no summonses were issued after that date. (Doc. #114, p. 15.) The Report and Recommendation further found

-6-

that there was no bad faith by the IRS agents (Doc. #114, pp. 15-17.) These findings are fully supported by the record, and are adopted by the Court. Therefore, no statutory violation occurred.

_____After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge, as supplemented by the Opinion and Order. Accordingly, the Court will adopt the Report and Recommendation and will deny the motions to suppress.

Accordingly, it is now

**ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. #114) is **accepted and adopted,** and it is specifically incorporated into this Opinion and Order.

2.   Defendants' Motion to Suppress Evidence Obtained Through Administrative Summons (Docs. #91, 96) are **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of March, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Magistrate Judge
Counsel of Record
DCCD