UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:08-cr-56-FtM-99SPC

SHERI REDEKER BARRY
WARREN THOMAS BARRY

_____

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) defendant Sheri Redeker Barry's Motion for Judgment of Acquittal (Doc. #154); (2) defendant Warren Thomas Barry's Motion for Judgment of Acquittal (Doc. #155); (3) defendant Warren Thomas Barry's Motion to Dismiss (Doc. #156); and (4) defendant Warren Thomas Barry's Motion to Object to Endorsed Order by Magistrate Judge (Doc. #168). Defendant Sheri Redeker Barry filed Notices of Joinder in her co-defendant's Motion for Judgment of Acquittal and Motion to Dismiss (Docs. ## 157, 158). The government filed a Response to the Motions to Dismiss (Doc. #166).

In their Motions for Judgment of Acquittal, both defendants assert that insufficient evidence was presented at trial to sustain a conviction under FED. R. CRIM. P. 29. (See Doc. #154, pp. 1-7; Doc. #155, pp. 11-17.) More specifically, defendants assert that as to all counts, the government failed to prove the element of willfulness, including its three components: a duty imposed by law, defendant's knowledge of that duty, and the voluntary and

intentional violation of the duty. Additionally, defendants assert that a judgment of acquittal must be entered as to Count One because there is no evidence of an agreement or that defendants were both part of the alleged scheme; thus, the government failed to prove the charged conspiracy.

The legal principles that apply in deciding a motion for a judgment of acquittal under Rule 29(c) are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citations omitted)). Applying these principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count and that a reasonable jury could have found each defendant guilty beyond a reasonable doubt. The jury was free, for example, to reject the testimony of Sheri Redeker Barry and decide that she and her husband knew that they were required to file tax returns for the years at issue. E.g., United States v. Lansing, 263 Fed. Appx. 849, 851 (11th Cir. 2008) ("Where . . . the defendant testifies, the jury is free to disbelieve that testimony and it 'may be

considered as *substantive evidence* of the defendant's guilt.'") (emphasis in original) (quoting <u>United States v. Brown</u>, 53 F.3d 312, 314 (11th Cir. 1995)).

Defendant Warren Thomas Barry additionally argues that judgment of acquittal must be granted as to Counts Seven and Eight of the redacted Indictment because the government failed to establish venue by a preponderance of the evidence.[1]  (<u>See</u> Doc. #156, pp. 5-10; Doc. #155, pp. 3-9.)  While defendant is correct that venue must be proven by a preponderance of the evidence, the evidence presented at trial clearly established venue in the Middle District of Florida.  The fact that venue may be established in more than one district does not preclude conviction in the district of the taxpayer's residence, particularly where, as here, the evidence established that defendant did not file a tax return in any district during the years at issue.  <u>See</u> <u>United States v. Calhoun</u>, 566 F.2d 969, 973 (5th Cir. 1978).

Defendant Warren Thomas Barry also argues that there is no evidence that any "internal revenue district" or any "district director" is located within the Middle District of Florida, and that the positions of the district director and service center director were eliminated by the Internal Revenue Service Reform and

---

[1] Defendant Warren Thomas Barry also briefly states in his Motion to Dismiss that the Court lacks "jurisdiction and subject matter jurisdiction" over the case (<u>see</u> Doc. #156, p. 1).  The Court addressed the issue of jurisdiction in a prior Opinion and Order (Doc. #100) entered on January 20, 2009, and nothing has changed as to that issue.

Restructuring Act of 1998.  From this, defendant extrapolates that "[s]ince the crime of willful failure to file is based upon where the 'return' was 'required to be filed,' and no such place under 26 U.S.C. § 6091 was presented to the Jury, nor do any such district directors or internal revenue districts exist after the Reform and Restructuring Act of 1998, this Court should enter judgment of acquittal as to" the substantive counts.  (Doc. #155, pp. 8-9; see also Doc. #156, pp. 10-12.)  Defendant argues that the same reason supports dismissal of the conspiracy count, because there was no person authorized to collect taxes during the relevant years. (Doc. #155, pp. 9-11; see also Doc. #156, pp. 11-12.)

In support of his theory, defendant relies upon an August 27, 2007, IRS Notice of Proposed Rulemaking discussing the computation and allowance of the tentative "carryback" adjustment under 26 U.S.C. § 6411, a subject matter unrelated to this case.  The Notice contains the following language:

> Those regulations also remove all references to IRS district director or service center director, as these positions no longer exist within the IRS.  The offices of the district director and service center director were eliminated by the IRS reorganization implemented pursuant to the IRS Reform and Restructuring Act of 1998.

(See Doc. #156-2.)  From this, defendant concludes that there exist no "internal revenue districts" or "service center districts," and asserts that therefore, "there is no place within this Court's jurisdiction where venue could exist regarding where the alleged or

-4-

said crimes were committed." (Doc. #156, p. 9.) Defendant's reading of the Notice is clearly erroneous.

The bureaucratic restructuring of the Internal Revenue Service authorized by the Internal Revenue Service Reform and Restructuring Act of 1998[2] did not eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes. See 26 U.S.C. § 6012(a) (2002). An individual such as Mr. Barry is required to file their tax return "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return," 26 U.S.C. § 6091(b)(1)(A)(i), or "at the service center serving the internal revenue district" in which is located the legal residence or principal place of business of the person making the return, 26 U.S.C. § 6091(b)(1)(A)(ii).[3] Thus, as Mr. Barry recognizes (Doc.

---

[2]"The Commissioner of Internal Revenue shall develop and implement a plan to reorganize the Internal Revenue Service. The plan . . . shall eliminate or substantially modify the existing organization of the Internal Revenue service which is based on a national, regional, and district structure; . . . establish organizational units serving particular groups of taxpayers with similar needs; and . . . ensure an independent appeals function within the Internal Revenue Service . . . ." Pub. L. No. 105-206, § 1001, 112 STAT. 685 (1998).

[3]The Secretary of the Treasury has adopted amended regulations setting forth the place for filing tax returns by individuals. 26 C.F.R. § 1.6091-2 (2004). "Except as provided in [the paragraph pertaining to returns filed with service centers], income tax returns of individuals . . . shall be filed with any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return. . . . Notwithstanding, . . . whenever instructions
(continued...)

#156, p. 8), venue is proper in *either* the district of residence or the district where the service center is located. Accordingly, defendant's arguments regarding venue lack merit.

In his Motion to Dismiss (Doc. #156, pp. 4-5), defendant Warren Thomas Barry also argues that there is a fatal variance between a count in the redacted Indictment and the verdicts. A comparison of the redacted Indictment (Doc. #151) and the Verdict Forms (Docs. ## 152, 153) as to both defendants reveals no variance.

Finally, defendant Warren Thomas Barry seeks an order overruling the decision by the magistrate judge rendering moot his Motion to Compel. Defendant wishes for the government to file a more detailed response to his Motion to Dismiss and a response to his Motion for Judgment of Acquittal (<u>see</u> Doc. #168, pp. 1-2). While the government's response to the Motion to Dismiss was humble, the Court finds no basis to compel additional responses. Therefore, the motion will be denied.

Accordingly, it is now

**ORDERED:**

---

[3](...continued)
applicable to income tax returns provide that the returns be filed with a service center, the returns must be so filed in accordance with the instructions. . . . Returns of person other than corporations which are filed by hand carrying shall be filed with any person assigned the responsibility to receive hand-carried returns in the local Internal Revenue Service office as provided in paragraph (a) of this section."

1. Defendant Sheri Redeker Barry's Motion for Judgment of Acquittal (Doc. #154) is **DENIED**.

2. Defendant Warren Thomas Barry's Motion for Judgment of Acquittal (Doc. #155) is **DENIED**.

3. Defendant Warren Thomas Barry's Motion to Dismiss (Doc. #156) is **DENIED**.

4. Defendant Warren Thomas Barry's Motion to Object to Endorsed Order by Magistrate Judge (Doc. #168) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of June, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Warren Thomas Barry